UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**KWAKU O. KUSHINDANA**  **CIVIL ACTION**

**VERSUS**  **NUMBER 10-00472-FJP-DLD**

**BLUE CENTER, INC., D/B/A
"HASSLEFREECELL" &
"HASSLEFREERETURNS"**

## MAGISTRATE JUDGE'S REPORT

Plaintiff, appearing *pro se*, brings this action against defendant Blue Center, Inc. d/b/a Hasslefreecell d/b/a Hasslefreereturns (rec. doc. 1). The court granted plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915, and now reviews the claims brought by plaintiff in his original complaint.

*Background*

Plaintiff originally filed suit on the same claims against the defendant on April 30, 2010, in this court. *See C.A. no. 10-00297-FJP.DLD*. The court *sua sponte* ordered the plaintiff to file an amended complaint identifying and alleging any compensatory injuries that would, if combined, exceed the $75,000 threshold for diversity jurisdiction. Plaintiff amended his complaint (rec. doc. 6) to state that his damages were $137,824.91; however, the court determined that it did not have subject matter jurisdiction over plaintiff's claims as the amount in controversy requirement was not met, despite plaintiff's conclusory statements otherwise. (rec. docs. 8, 10, & 11)

Plaintiff now has re-filed the same suit against the same defendant, using the same complaint, except for the addition of a section entitled "Subject Matter Jurisdiction, Amount in Controversy." (rec. doc. 1, pg 7).

***Law on Subject Matter Jurisdiction***

Federal courts are courts of limited jurisdiction and cannot hear suits unless authorized by law. *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). Federal courts have diversity jurisdiction over civil actions in which the amount in controversy exceeds $75,000 and the claim is between citizens of different states. 28 U.S.C. §1332. The amount in controversy is determined by the allegations in the complaint. *St. Paul Mercury Indem. Co. V. Red. Cab Co.*, 303 U.S. 283, 288, 58 S.Ct. 586, 82 L.Ed. 845 (1938). The party invoking the court's jurisdiction bears the burden of "alleg(ing) with sufficient particularity the facts creating jurisdiction" and of "support(ing) the allegation" if challenged. *Diefenthal v. C.A.B.*, 681 F.2d 1039 (5th Cir. 1982), citing *St. Paul Mercury Indem. Co*, at 287, n. 10. Conclusory allegations are insufficient to establish jurisdiction. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250 (5th Cir. 1998). At any stage of the litigation, even after trial and the entry of judgment, the court may *sua sponte* inquire into the court's subject matter jurisdiction over a matter. *Arbaugh v. Y & H Corporation d/b/a The Moonlight Café*, 546 U.S. 500, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006); Fed. Rule Civ. P. 12(b)(1). Rule 12(h)(3) instructs that "[i]f the court determines at any time that it lacks subject matter jurisdiction, it must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Additionally, pursuant to 28 U.S.C. §1915(e), this Court shall dismiss an action brought *in forma pauperis* if satisfied that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See G*reen v. McKaskle*, 788 F.2d 1116 (5th Cir. 1986). Courts have dismissed *pro se* complaints pursuant to 28 U.S.C. §1915(e) for a lack of subject matter jurisdiction. See *Smith v. Parsons*, 2009 WL 3052631 (E.D.N.Y. 2009); *Webb v. St. Johns Bank & Trust Co.*, 2007 WL 2304088 (E.D. Mo. 2007). A §1915(e) dismissal may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, supra.

Thus, the court reviews plaintiff's complaint pursuant to its authority under Fed. R. Civ. P. 12(h)(3) and 28 U.S.C. §1915.

***Discussion***

On July 16, 2010, plaintiff brought suit against defendant alleging that although he returned his Palm Treo 750 "Smartphone" to defendant Blue Center, Inc. pursuant to defendant's return policy, he never received a replacement smartphone for the one he returned. (rec. docs. 1) Plaintiff alleges that he received confirmation from the United States Postal Service that the phone had been delivered to defendant; however, when plaintiff called defendant to check on the phone, the status of his replacement phone, and the transfer of information from the old phone to the replacement phone, he was informed that the "phone had not been received." *Id.* Thereafter, plaintiff placed 176 calls to defendant regarding his Smartphone. Plaintiff asserts claims under state law for unfair

trade practices, breach of contract, redhibition, detrimental reliance, and unjust enrichment, and seeks damages for the loss of his Palm Treo 750 "Smartphone," the loss of the "Irreplaceable Names, Telephone Numbers (with International Country Codes, SIP Codes & Area Codes), E-mail Addresses, Fax Numbers, Spouse Information, Company Names, Business Notes, Calendar Entries, Company Names and Birthdates," mental anguish and humiliation in the amount of $137,824.91, plus legal interest. *Id.*

In this new complaint under the heading "Subject Matter Jurisdiction," plaintiff alleges that he had developed an application with a protocol of some sort and "written instructions for commerce in developing nations." Plaintiff contends that the information relating to the application included algorithms and written instructions regarding various financial procedures and methods that could be used in Ghana, and that the prototype phone which he returned to Blue Center was used to create the application, and the application was "destined to be applicable to Blackberries and iPhones. (rec. doc. 1, pg 9) Plaintiff contends that "it was the loss of over 10 years of work in the creation of a unique program, particularly and specifically catered to the developing world that is indeed the loss." (rec. doc. 1, pg 10)

Other than these additional statements, plaintiff's complaint is identical to the one filed earlier in this court which was dismissed. Again, plaintiff asserts only conclusory allegations in support of his demand for $137,824.91 and fails to allege facts to support his claim for damages in this amount. Plaintiff again alleges that the information in the phone, which was to be transferred to a new phone, "is the most significant loss, far superseding

the, though quite expensive, costs of the actual physical phone," but plaintiff still fails to set forth facts that would explain why the specific data in his phone is so valuable. (rec. doc. 1, pg 6) For example, while on the one hand, plaintiff alleges that the phone was defective in that the QWERTY keyboard was non-functioning, the loaded software was dysfunctional, and the phone was incapable of use;[1] however, on the other hand, plaintiff alleges that he installed an application he spent ten years developing, along with entering the contact information for various individuals and/or companies, calendar entries, and business notes. These statements are contradictory because if the phone was incapable of use, how then did plaintiff install his application and information regarding his contacts? Also, while the application may have value, the plaintiff has not explained why the application cannot be recreated relatively inexpensively as the application was obviously developed sometime in the ten years before he purchased this particular phone. Further, plaintiff did not explain the efforts taken to compile and safeguard the data, allege that the compilation of data has independent value, *i.e.*, a company "trade secret," or explain why any of the information, especially the contact information, is not publicly available and able to be recreated relatively inexpensively. For example, plaintiff admits that the application is not copyrighted or patented, and that the information consists of procedures and methods in microfinance, duty free utilization, cultural traditions in African commerce, retail sales, currency conversion and SUSU (an African form of microfinance). (rec. doc. 1, pg 9). Plaintiff does not contend that any of this information is proprietary or unique, or is not available by other

---

[1] Rec. doc. 1, pg 12.

means. Thus, while court acknowledges that the loss of plaintiff's phone and the loss of the information in the phone have value, plaintiff has failed to meet his burden to allege specific facts to show that more likely than not these items have a value greater than the $75,000 jurisdictional minimum. In short, plaintiff set damages in a definite amount of $137,824.91, but does not explain how he arrived at that figure. It should be noted, too, that although plaintiff has failed to allege facts sufficient to support jurisdiction in federal court, his right to bring suit in state court is not impacted.

Thus, the court finds that plaintiff's conclusory allegations that his claim exceeds the $75,000 amount in controversy and request for damages in the amount of $137,824.91 are insufficient to establish that this court has subject matter jurisdiction over plaintiff's claims. Accordingly, the court recommends that plaintiff's suit should be dismissed, without prejudice, pursuant to 28 U.S.C. §1915 and Fed. R. Civ. P. 12(h)(3).

**IT IS RECOMMENDED** that this court does not have subject matter jurisdiction over plaintiff's claims as they do not satisfy the amount in controversy requirement of 28 U.S.C. §1332; therefore, plaintiff's suit should be **DISMISSED, WITHOUT PREJUDICE**, pursuant to 28 U.S.C. §1915 and Fed. R. Civ. P. 12 (h)(3).

Signed in Baton Rouge, Louisiana, on October 19, 2010.

**MAGISTRATE JUDGE DOCIA L. DALBY**

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**KWAKU O. KUSHINDANA**          **CIVIL ACTION**

**VERSUS**                                    **NUMBER 10-472-FJP-DLD**

**BLUE CENTER, INC. D/B/A
"HASSLEFREECELL" &
"HASSLEFREERETURNS"**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 (fourteen) days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on October 19, 2010.

*[signature]*

**MAGISTRATE JUDGE DOCIA L. DALBY**